UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VERNON COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-00920-MGG |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Vernon L. Collins seeks judicial review of the Social Security Commissioner's decision denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II, as allowed under 42 U.S.C. § 405(g). This Court may enter a ruling in this matter based on parties' consent pursuant to 28 U.S.C. § 636(b)(1)(B); 42 U.S.C. § 405(g). [DE 15]. For the reasons below, the Court reverses and remands the decision of the Commissioner of the Social Security Administration.

**I.  OVERVIEW OF THE CASE**

Collins alleges an onset of disability on March 28, 2014, based on lumbar radiculopathy, lumbar spondylosis, cervical spondylosis, cervical radiculopathy, thoracic spondylosis, removal of his right kidney due to stage one renal cancer, high blood pressure, right motor cuff torn, and left shoulder complex high-grade partial thickness tear. Collins completed high school and an apprenticeship program for die setting. Collins worked as a die setter from June 1994 through March of 2014.

Collins' application for DIB on April 13, 2014, was denied initially and upon reconsideration. Following an October 17, 2016, video hearing, the Administrative Law Judge ("ALJ") issued a decision on January 12, 2017, which affirmed the Social Security Administration's ("SSA") denial of benefits. The ALJ found that Collins is unable to perform any past relevant work. [DE 10 at 29]. Further, the ALJ found that Collins has the residual functional capacity ("RFC") to perform sedentary work as defined by the regulations with some limitations [*Id.* at 24]. The ALJ found, based upon the testimony of the vocational expert, that Collins has the ability to meet the requirements for employment as a circuit board assembler, address clerk, and call out operator as those jobs are defined by the Dictionary of Occupational Titles ("DOT"). [*Id.* at 30]. Based upon these findings, the ALJ denied Collins' claims for benefits.

## II. DISABILITY STANDARD

In order to qualify for DIB, a claimant must be "disabled" under the Social Security Act ("Act"). A person is disabled under the Act if "he or she has an inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner's five-step inquiry in evaluating claims for disability benefits under the Act includes determinations as to: (1) whether the claimant is doing substantial gainful activity ("SGA"); (2) whether the claimant's impairments are severe; (3) whether any of the claimant's impairments, alone or in combination, meet or equal one of the Listings in Appendix 1 to Subpart P of Part 404; (4) whether the claimant can

perform her past relevant work based upon her RFC; and (5) whether the claimant is capable of making an adjustment to other work. 20 C.F.R. § 404.1520; *see also Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except Step Five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

### III. STANDARD OF REVIEW

This Court has authority to review a disability decision by the Commissioner pursuant to 42 U.S.C. § 405(g). However, this Court's role in reviewing Social Security cases is limited. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). A court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts of evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). The Court must give deference to the ALJ's decision so long as it is supported by substantial evidence. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014) (citing *Similia v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009)). The deference for the ALJ's decision is lessened where the ALJ's findings contain errors of fact or logic or fail to apply the correct legal standard. *Schomas v. Colvin*, 732 F.3d 702, 709 (7th Cir. 2013).

Additionally, an ALJ's decision cannot be affirmed if it lacks evidentiary support or an inadequate discussion of the issues. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). An ALJ's decision will lack sufficient evidentiary support and require remand if it is clear that the ALJ "cherry-picked" the record to support a finding of non-disability. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010); *see also Wilson v. Colvin*, 48 F. Supp. 3d 1140, 1147 (N.D. Ill. 2014). At a minimum, an ALJ must articulate his analysis of the

record to allow the reviewing court to trace the path of his reasoning and to be assured the ALJ has considered the important evidence in the record. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). While the ALJ need not specifically address every piece of evidence in the record to present the requisite "logical bridge" from the evidence to his conclusions, the ALJ must at least provide a glimpse into the reasoning behind his analysis and the decision to deny benefits. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *see also Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015).

Thus, the question upon judicial review is not whether the claimant is, in fact, disabled, but whether the ALJ used "the correct legal standards and the decision [was] supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2007). Substantial evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th. Cir. 2007). Thus, substantial evidence is simply "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); *Kepple v. Massanari*, 268 F.3d 513, 516 (7th. Cir. 2001).

IV. **ANALYSIS**

A. **Issues for Review**

In challenging the ALJ's decision, Collins' concerns focus on two alleged legal errors in the RFC determination. A claimant's RFC is the most activity in which he can engage in a work setting despite the physical and mental limitations that arise from his impairments and related symptoms. 20 C.F.R. § 404.1545(a)(1). Collins alleges that the

4

ALJ improperly weighed the medical opinion evidence, particularly the opinions of his treating neurosurgeon, Roman Filipowicz, M.D., and improperly discounted his symptom testimony in defining his RFC. Thus, Collins argues that these errors by the ALJ resulted in an RFC assessment that is unsupported by substantial evidence.

B. **Medical Opinion Evidence**

1. **Relevant Background**

As part of Collins' disability application process, Dr. Filipowicz provided multiple medical opinions. The ALJ explicitly evaluated two of those opinions. First, the ALJ reviewed an opinion included in progress notes from a follow-up visit on June 13, 2014. Dr. Filipowicz opined that it would "be a huge risk for [Collins to] work because [of] all the [problems] in the spine." [DE 10 at 578]. The ALJ gave this opinion little weight finding it conclusory and "not a reflection of [Collins'] current functional abilities." [DE 10 at 28]. In support, the ALJ stated that Dr. Filipowicz's opinion lacked a function-by-function analysis, which could have served as a supporting rationale. Additionally, the ALJ explained that Dr. Filipowicz "was not privy to the additional evidence available at the [ALJ] hearing" when he opined in April 2014. [DE 10 at 28].

Second, the ALJ considered an opinion from Dr. Filipowicz on November 25, 2015, created in support of Collins' application for disability benefits from an insurance company. Dr. Filipowicz opined that Collins "would never be able to return to work in any capacity" and described several of Collins' physical limitations. [DE 10 at 1310]. Among other things, Dr. Filipowicz reported that Collins would never be able to bend, stop, squat, crouch, kneel, crawl, climb stairs, climb ladders, or reach; that he was

5

permanently unable to use either hand for fine manipulation, fingering or keying, or pushing or pulling arm controls; and that he had "difficulty moving hands, limited fine-finger coordination, limited range of motion." [DE 10 at 1310-12]. The ALJ gave this opinion some weight stating that "the medical record supports a limitation to less than the full range of sedentary work" but found Dr. Filipowicz's opinion that Collins could never work to be "far too extreme and unsupported by the objective evidence in the record." [*Id.* at 28].

In a separate opinion created for the same insurance company on July 16, 2015, Dr. Filipowicz had opined that Collins could not work, and more specifically, that he could not use his right hand for firm grasping, fine manipulation, fingering or keying, or pushing or pulling arm controls permanently. [DE 10 at 1313-15]. The ALJ did not mention the July 2015 opinion at all.

Dr. Filipowicz also opined in treatment notes from a visit on December 14, 2015, that Collins "is not capable of physical labor[,] cannot be retrained because of chronic pain and dysfunction[, and] will not improve in the future." [DE 10 at 1398]. He then reported Collins' chief complaint at a May 2, 2016, follow-up appointment as pain at a level seven in the left shoulder through this left arm with medication and numbness in the thumb and index finger. [DE 10 at 1381]. Neither of these reports from Dr. Filipowicz were referenced in the ALJ's decision.

In addition to his consideration of Dr. Filipowicz's two opinions, the ALJ discussed the opinions of State Agency medical consultants, Jerry Smartt, Jr., M.D. and M. Ruiz, M.D. Dr. Smartt's opinion was drafted in June 2014 while Dr. Ruiz's opinion

6

was created in September 2014. Noting the same conclusions by both consultants that Collins is capable of light work, the ALJ gave the opinions some weight finding them "generally consistent and supported by the medical record." [DE 10 at 28]. In support, the ALJ once again stated that recent physical examinations revealed normal findings, but then crafted an RFC for sedentary rather than light work.

### 2. Legal Standard

Generally, more weight is given to the opinions of treating sources because they are more familiar with a claimant's conditions and circumstances. *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003). In fact, a treating physician's opinion is given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2). If an ALJ decides that a treating physician's opinion is not sufficiently supported to be given controlling weight, he may discount the opinion, but must provide good reasons in his decision for the weight given. *Id.*; *see also Sharbeck v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) ("An ALJ may discount a treating physician's medical opinion if it is inconsistent with the opinion of a consulting physician . . . or when the treating physician's opinion is internally inconsistent as long as he minimally articulates his reasons for crediting or rejecting evidence of disability." (internal citations and quotations omitted)).

### 3. Analysis

Collins argues that Dr. Filipowicz's opinions are worthy of controlling or great weight because he treated Collins from 2014 through May 2016 and his medical

specialty is directly relevant to Collins' alleged disabling conditions. Collins also challenges the ALJ's (1) failure to discuss Dr. Filipowicz's July 2015 opinion in his decision, (2) his rejection of Dr. Filipowicz's opinion regarding Collins' use of his upper extremities reflected in both the July 2015 and the November 2015 opinions, and (3) his failure to explain how Dr. Filipowicz's treating source opinions are inconsistent with the other medical evidence. Collins further claims that treating physician Dr. Filipowicz was the only medical source who provided a medical opinion based upon updated medical evidence from 2015 that had not been available to the State Agency medical consultants at the time of their reviews in 2014. Collins' arguments are well taken.

First, the ALJ is required to consider all medical opinions in accordance with 20 C.F.R. § 404.1527. The ALJ here acknowledged this requirement, but then failed to mention, or even indirectly reference through citation, Dr. Filipowicz's July 2015 opinion. An ALJ's failure to address a treating physician's report leaves the court incapable of tracking the ALJ's reasons for discounting the physician's opinions. *Godby v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000). Here, the ALJ's omission of any reference to Dr. Filipowicz's July 2015 opinion leaves this Court unable to determine whether the ALJ considered the July opinion or properly weighed it in determining Collins' RFC.

Second, the ALJ failed to "minimally articulate his reasons" for rejecting parts of Dr. Filipowicz's opinions and discounting them while crediting the State Agency consultants' opinions. *See Sharbeck*, 390 F.3d at 503. When a treating source's opinion is not given controlling weight, the ALJ must consider the following factors: (1) the examining relationship, (2) the treatment relationship, specifically its length, nature,

8

and extent, of the treatment relationship, (3) the supportability of the opinion, (4) its consistency with the record as a whole, and (5) the specialty of the treating source. 20 C.F.R. § 404.1527(c). The ALJ never explicitly mentioned the Section 1527(c) factors but did identify Dr. Filipowicz as Collins' treating source and cited multiple times to his treatment and examination notes in his RFC analysis. In so doing, the ALJ implicitly demonstrated his understanding of the length, nature, and extent of Collins' relationship with Dr. Filipowicz.

Notably missing, however, was any reference to Dr. Filipowicz's medical specialty in neurosurgery. Additionally, the ALJ's decision insufficiently explained the rationale for discounting Dr. Filipowicz's opinions using only conclusory statements and generalities. More specifically, the ALJ repeatedly stated throughout his RFC analysis that (1) Collins' activities of daily living suggested he was more functional than Collins or Dr. Filipowicz reported; (2) recent examinations and tests reflected normal to benign findings; and (3) there was no objective medical evidence in the record to support the extreme functional limitations as opined. Yet the ALJ included no reference to specific medical records supporting these bare conclusions. In other words, the ALJ cited no medical evidence showing how Dr. Filipowicz's opinions were inconsistent with the rest of the record. In fact, Collins directs the Court's attention to considerable evidence contradicting the ALJ's conclusions showing a decline in Collins' physical limitations [*See* DE 14 at 12–18] that the ALJ does not address.

While it is true that the ALJ is not required to address every piece of evidence in the record, he must still present the requisite "logical bridge" from the evidence to his

conclusions. *O'Connor-Spinner v. Astrue*, 627 F.3d at 618. This is where the ALJ's decision fails here. The ALJ's decision delineates much of Collins' treatment history but does so very generally. Most concerning, however, is the ALJ's use of generalities to explain why he discounted the opinions of Dr. Filipowicz, Collins' neurosurgeon from 2014 through 2016. Not only has the ALJ has failed to provide this Court with a logical bridge between his findings and his conclusions, but the ALJ also left a gaping hole in the middle of his analysis of the medical opinions. More evidence must be cited to build the "logical bridge" that allows the Court to track the ALJ's reasoning. Without more evidence cited in support of his conclusions, the ALJ also leaves the Court concerned that he improperly ignored evidence that might have supported a disability finding. As such, remand is warranted to ensure proper consideration of the medical opinion evidence in light of all the evidence in the record.

    **C.**    **Subjective Symptom Analysis**

Here, the ALJ discounted Collins' testimony regarding his own symptoms finding them "not entirely credible" because his assertions about his symptoms "appear out of proportion and not as debilitating as alleged." [DE 10 at 27]. In reaching this conclusion, the ALJ reporting relying upon physical examinations that he showed "normal and benign findings" such as "normal gait and station, without the use of an assistive device for ambulation" and "normal muscle strength, muscle tone, and range of motion." [DE 10 at 27]. Additionally, the ALJ found that Collins' reported activities of daily living "suggest[ed] a level of function greater than [his DIB application] alleged." [DE 10 at 27].

An ALJ's credibility determination is treated deferentially and will only be overturned if it is "patently wrong," or "lacks explanation or support." *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017) (citing *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014)). "A credibility determination lacks support when it relies on inferences that are not logically based on specific findings and evidence." *Id.*

The ALJ's credibility determination suffers from an improper reliance on inferences rather than specific findings and evidence that is similar to the logical gap in his medical opinion evidence analysis. Despite citing exhibits in the record accounting for a wide swath of medical evidence, the ALJ never identified specifically the evidence of normal findings he relied upon leaving open several important questions including but not limited to when these findings were made, by whom, and in what stage of his treatment. Without such context, the ALJ has not adequately supported his conclusion, especially considering the contradictory evidence discussed above.

Moreover, the ALJ appears to have fallen into the trap of conflating a claimant's activities of daily living with his ability to perform activities associated with full-time work. *See Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases."); *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005) (explaining that even disabled persons learn to cope with their impairments enough to manage personal care, household tasks, and family responsibilities). While it is possible that a claimant's activities of daily living could, in combination with other evidence in the medical record, affect an ALJ's determination about the intensity,

persistence, and limited effects of a claimant's symptoms, they cannot support such a finding without further support. That is exactly what the ALJ's decision here lacks. He simply cites to Collins' reported activities of daily living then states that they suggest greater functionality than Collins alleges. As a result, the ALJ's credibility determination improperly relies upon inferences rather than specific findings and evidence in a second way. As such, the ALJ's credibility determination lacks sufficient explanation or support and is patently wrong. *See Cullinan*, 878 F.3d at 603.

## V. CONCLUSION

For the reasons stated above, the ALJ's RFC determination is not supported by substantial evidence and must be remanded to address the shortcomings in the ALJ's analysis of the medical source opinions, especially those of treating neurosurgeon Dr. Filipowicz, and his assessment of Collins' subjectively reported symptoms. Accordingly, Collins' appeal of the Social Security Administration's decision denying his application for Disability Insurance Benefits is **GRANTED**. The Commissioner's decision is **REVERSED,** and the Court now **REMANDS** this case to the Commissioner for further proceedings consistent with this opinion. The Clerk is instructed to enter judgment in favor of Collins.

**SO ORDERED** this 27th day of March 2019.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge